*Reconsideration Granted May 8, 2009:*

STONE v RW LAPINE, INC, No. 136438. The motion for leave to file brief amicus curiae is granted. The motion for reconsideration of this Court's September 17, 2008, order is granted, in part. On reconsideration, we modify our order dated September 17, 2008, by adding the following language at the end of the order: "Although the magistrate did not err by choosing to utilize MCL 418.371(6) to calculate the plaintiff's average weekly wage, he did err by failing to apply the specific formula provided in subsection 6. We remand this case to the Board of Magistrates for a recalculation of the plaintiff's average weekly wage using the formula stated in MCL 418.371(6)." In all other respects, the motion for reconsideration is denied. We do not retain jurisdiction. Court of Appeals No. 275684.

CORRIGAN, J. I would deny reconsideration.

*Leave to Appeal Denied May 12, 2009:*

PEOPLE v TERRY WILLIAMS, No. 138829; Court of Appeals No. 280428.

*Leave to Appeal Denied May 15, 2009:*

*In re* JERNAGIN (DEPARTMENT OF HUMAN SERVICES v FULBRIGHT), No. 138713; Court of Appeals No. 288098.

*Leave to Appeal Denied May 22, 2009:*

PEOPLE v FISHER, No. 136591. Leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we vacate our order of October 3, 2008. The application for leave to appeal the March 25, 2008, judgment of the Court of Appeals is denied, because we are no longer persuaded that the questions presented should be reviewed by this Court. Court of Appeals No. 276439.

WEAVER, J. (*dissenting*). I dissent from this Court's order and conclusion that leave was improvidently granted because, after hearing oral arguments, I would reverse the judgment of the Court of Appeals for the reasons stated in Judge TALBOT's dissent.

YOUNG, J. (*dissenting*). I dissent from this Court's order denying leave to appeal. I would reverse the judgment of the Court of Appeals because the police officer's entry into the defendant's home was lawful under the emergency aid exception to the Fourth Amendment of the United States Constitution.

Officer Chris Goolsby and his partner responded to a noise disturbance on Steven Road in Brownstown, Michigan. When they arrived, two pedestrians informed Officer Goolsby that there was a man on adjoining Allen Road who was "going crazy." The officers went to Allen Road and saw a man later identified as defendant, Jeremy Fisher, through the front window of a house "walking around the residence screaming and throwing stuff." Officer Goolsby could hear objects breaking. Officer Goolsby observed that a truck parked in the driveway had a damaged front end